12843. GOODRICH RUBBER COMPANY *v.* CAPITAL CITY TIRE AND SUPPLY COMPANY.

Under the ruling in *Donalsonville Oil Mill* v. *Robinson,* 26 *Ga. App.* 181 (105 S. E. 719), the bill of exceptions in this case must be dismissed.
DECIDED JUNE 14, 1922.

Complaint; from Fulton superior court — Judge Ellis. August 7, 1921.

*Walter S. Dillon,* for plaintiff.

*Troutman & Freeman,* for defendant.

BLOODWORTH, J. The bill of exceptions in this case is as follows: "Be it remembered, in the case of the B. F. Goodrich Rubber Company against the Capital City Tire & Supply Company, returnable to the January term, 1921, of the superior court of Fulton county, being an action upon an open account for merchandise sold and delivered, and to which suit the Capital City Tire & Supply Company, as defendant, filed a plea and answer on the 13th day of January, 1921, admitting the indebtedness sued upon and making as its only defense a counterclaim against the plaintiff, the B. F. Goodrich Rubber Company, and the B. F. Goodrich Rubber Company having filed its demurrer on the 21st day of January, 1921, to said counterclaim, or cross-petition, which demurrer was on the 4th day of February, 1921, sustained by order of the court, with leave to amend, and the said defendant having filed its amendment on the 8th day of February, 1921, whereupon plaintiff renewed its demurrer to the cross-petition as amended, and thereafter, on the 7th day of July, 1921, defendant filed its second amendment, after which, on the 7th day of July, 1921, at the July term of said court, the court passed an order overruling the demurrer of plaintiff to the cross-petition of defendant, which order of the court is as follows: ' The within demurrers coming on for a hearing, after hearing arguments of counsel, it is hereby ordered, considered, and adjudged that said demurrers be and the same are hereby overruled upon each and every ground thereof, except paragraph 6C of said demurrer, which said ground stated in paragraph 6C is hereby sustained, with 20 days leave to amend. This 7th day of July, 1921. W. D. Ellis, Judge S. C. A. C.' " The bill of exceptions recites that " in said cross-petition and through its counsel in open court defendant admitted the indebtedness sued upon by defendant [plain-

tiff ?], and contended as the only reason for not paying was the existence of the counterclaim as set up in the cross-petition [which is larger than the account of the plaintiff], and thereby the order referred to was final in its nature. To the order of July 7th, as above set out, plaintiff in error excepted, now excepts, and assigns the same as error upon the ground that it was contrary to law and that plaintiff's demurrer should have been sustained and thereby judgment entered in its favor against the defendant upon the account sued upon." In *Donalsonville Oil Mill* v. *Robinson*, 26 *Ga. App.* 181 (105 S. E. 719) this court said: "Under repeated rulings of this court and of the Supreme Court, the judgment upon a demurrer to a defendant's plea is not a final judgment, and a bill of exceptions complaining only of such a judgment is prematurely brought and will be dismissed. In the instant case the only assignment of error in the bill of exceptions is upon the overruling of a general demurrer to a portion (a counterclaim) of the defendant's plea, and the bill of exceptions must be dismissed." See *Johnson* v. *Battle*, 120 *Ga.* 649 (48 S. E. 128).

Under this ruling the writ of error must be dismissed. Direction is given that the official copy of the bill of exceptions of file in the office of the clerk of the trial court shall operate as exceptions pendente lite.

*Writ of error dismissed, with direction. Broyles, C. J., and Luke, J., concur.*